1. WILLS—TESTAMENTARY CAPACITY—PERIOD OF SOBRIETY.

Testatrix led an irregular life, and concealed her identity as much as possible. She had periodic attacks of drunkenness, and during an interval of sobriety lasting three or four weeks she made her will. While sober, testatrix was rational, conversed intelligently on many subjects, and was able to give intelligent direction as to repairing her house. The principal beneficiary under her will was her paramour; another beneficiary was a servant, who had been kind to her. No fraud was practiced on testatrix, and the will was not unnatural in its terms. *Held*, that the will was not invalid for want of sufficient testamentary capacity of testatrix.

2. SAME—EVIDENCE—OPINIONS OF PHYSICIANS.

Where testatrix had made her will during an interval of sobriety between periodic attacks of drunkenness, direct evidence of her condition, showing testamentary capacity at the time the will was executed, cannot be overcome by the opinions of physicians as to what her condition probably would be at other times, when such physicians saw testatrix only in an intoxicated condition, or when suffering from alcoholic excesses.

Petition for the probate of the last will and testament of Clara T. Hewitt, deceased. Probate decreed.

Theodore W. Handley, for proponent.

James W. Perry, special guardian.

Sackett, Bacon & McQuaid, for contestants.

Patrick F. Trainor, for contestant Josephine Swenson.

THOMAS, S. The will offered for probate was executed according to legal forms in one of the intervals between the periodic attacks of drunkenness to which the testatrix was subject, and at that time she had been sober for about three or four weeks. The evidence is substantially uncontradicted that during her intervals of sobriety the testatrix appeared to be rational, and conversed intelligently on many subjects. Even Mrs. Kirk, the housekeeper, called by the contestants, asserted that when the testatrix recovered from the serious debauch of October and November, 1897, at which time the witness left her, she had made a "Christian woman" of her, and she was in good condition. The son of the housekeeper, Mr. Kirk, testified that it was one of his occupations, while he was in the house of Mrs. Hewitt, to read the newspapers to her. Mr. Wherry, the painter, called by the contestants, agreed that when Mrs. Hewitt was sober she gave intelli-

gent direction to the repairing of her house, and conversed entertainingly with him. The disinterested witnesses called by the proponent on this point were even more emphatic to the same effect. It is not necessary to impute lack of candor or willful falsehood to the very reputable physicians called by the contestants in order to give full credit to all that was said by the other witnesses. One of these physicians never knew Mrs. Hewitt, and judged of her mental capacity from an autopsy made by him on her remains. The others saw her only while she was greatly intoxicated, or suffering acutely from alcoholic excesses. Their opinions as to what her condition probably would be at other times cannot be suffered to override direct evidence of what that condition then actually was. My conclusion from all of the evidence is that at the time the will was executed she was of sufficient testamentary capacity. No fraud was practiced on the testatrix, and there is nothing unnatural in the terms of the will. The principal beneficiary was then living with her as her paramour, and marriage between them was seriously considered; and another beneficiary was a servant, who had been kind to her. From the time when Margaret Shea elected to become Clara Theresa De Forest, or Clara Theresa Hewitt, and to enter on an irregular life, she strove to cut loose from her kindred, and up to the very last she concealed her origin, even from her intimates. It is probable that her relatives did not take any pride in her career, and it does not appear that they sought her society. It is not surprising that she preferred to ignore any claim on their part to any portion of her estate. The objections will be overruled, and the will admitted to probate.

Probate decreed.